**NOT FOR PUBLICATION**

CL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KUSLIMA SHOGEN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-5695 (SRC) |
| GLOBAL AGGRESSIVE GROWTH FUND, LTD., et al. | : **OPINION** |
| Defendants. | : |

## **CHESLER, District Judge**

This matter comes before the Court on the two renewed motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(b) or, in the alternative, a new trial, pursuant to Rule 59 filed by (i) Defendants Scharff Witchel & Co., Inc. and Gregory Witchel ("the "Witchel Defendants") [docket item 160]; and (ii) *pro se* Defendant Richard Cohen [docket item 161].  The Court has considered the submissions filed in support of and in opposition to the motions, and, for the reasons set forth more fully below, the Court denies Defendants' motions for judgment as a matter of law or for a new trial.

## **I. Background**

This case was tried before a jury over the course of approximately two weeks between May 7, 2008, and May 22, 2008.  On May 14, 2008, at the close of Plaintiff's case, the Witchel Defendants and Richard Cohen ("Cohen") moved for judgment as a matter of law pursuant to

Rule 50(a). After the parties presented oral argument, the Court denied the motions to dismiss as to Plaintiff's claims grounded upon Securities and Exchange Commission Rule 10b-5, Negligent Misrepresentation, and Equitable Fraud, subject to renewal at the close of evidence. The Court reserved decision on Defendants' motion to dismiss Plaintiff's common law negligence claim and as to all claims against Defendant Sam Witchel.

On May 16, 2008, at the close of evidence, Defendants renewed their motion for judgment as a matter of law. The Court granted the motion as to Plaintiff's common law negligence claim, but denied the motion as to the remainder of the claims including the claims against Sam Witchel.

On May 22, 2008, the jury returned its verdict. The jury found no liability against Sam Witchel, and found in favor of all Defendants on the Rule 10b-5 claim. The jury also found the evidence insufficient to demonstrate by clear and convincing evidence that any of the Defendants misrepresented any presently existing or past fact in connection with the Global Aggressive loan transaction. The Court therefore ruled in favor of Defendants on the equitable fraud claim. However, the jury found in favor of Plaintiff as to the negligent misrepresentation claim, awarding her $150,000 in compensatory damages. With respect to this claim, the jury apportioned 67% of the fault upon Defendant Cohen, and 33% of the fault upon the Witchel Defendants.

Defendant Cohen and the Witchel Defendants now seek judgment dismissing the negligent representation claims against them as a matter of law or, in the alternative, a new trial.

**II. Discussion**

Rule 50(b) allows a trial court, upon the timely renewed motion of a party, to order a new

trial or enter judgment as a matter of law, notwithstanding the jury verdict. However, such judgment may be entered, "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir.2001). In review of a motion for judgment of law, the court must "'view the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, [determine if] there is insufficient evidence from which a jury reasonably could find liability.'" *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 300 (3d Cir. 2007) (quoting *Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 545 n. 8 (3d Cir.2007)). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).

At issue here then is whether the record provided evidence sufficient for the jury to find Cohen and the Witchel Defendants liable for the negligent misrepresentation claim. As the Court explained in its opinion denying summary judgment on the issue, in order to prove negligent misrepresentation, Plaintiff had to demonstrate "that Defendants negligently made an incorrect statement or statements which she justifiably relied upon, and that she sustained an injury as a consequence of her reliance." April 26, 2007 Opinion, Docket item 105, at 37-38 (citing *Carroll v. Cellco P'ship*, 313 N.J. Super. 488, 502 (1998) and *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334 (1983)). Accordingly, at trial, the Court instructed the jury that "[i]n order to prove a separate cause of action of negligent misrepresentation, Ms. Shogen must prove that Scharff Witchel, Sam Witchel, Greg Witchel, or Richard Cohen, or any one of them: (1) negligently

made an incorrect statement or statements of a past or present fact; (2) which she justifiably relied upon; and (3) that she sustained an injury which proximately resulted from her reliance on the misrepresentation." Jury Instructions at 23.

In the briefs in support of their renewed motions, Cohen and the Witchel Defendants argue that: (i) the evidence presented at trial failed to satisfy Plaintiff's burden of proof that she justifiably relied on Greg Witchel or Richard Cohen's alleged misrepresentations; (ii) Plaintiff's testimony was incredible, and therefore the jury did not have reliable or truthful testimony from which to assess whether Gregory Witchel and Richard Cohen made a material statement of fact to her; and (iii) the actions of Gregory Witchel and Richard Cohen were not the proximate cause Plaintiff's loss.

Defendants commit most of their brief to arguing that "Plaintiff failed to establish any proof that she justifiably or reasonably relied upon Gregory Witchel's [and/or Richard Cohen's] . . . alleged misrepresentation or omission." (Witchel Br. at 4). In support of this argument, Defendants review the evidence in light of each of the six factors the Court presented to the jury to consider in determining whether Plaintiff justifiably relied on the alleged statements made by Gregory Witchel and/or Richard Cohen. In charging the jury, the Court stated:

> In considering whether Ms. Shogen justifiably relied on the defendant's alleged misrepresentation, you should consider the presence or absence of all relevant factors including:
>
> 1. the sophistication and expertise of Ms. Shogen in financial and securities matters;
>
> 2. whether the business relationship between Ms. Shogen and the Witchel Defendants and Richard Cohen was long-standing or not;
>
> 3. Ms. Shogen's access to relevant information;

    4.    any concealment of fraud by the Witchel Defendants and/or Richard Cohen;

    5.    whether Ms. Shogen initiated the stock transaction or sought to expedite the transaction; and,

    6.    the generality or specificity of the misrepresentations.

No single factor is determinative and all factors must be considered in determining whether reliance was justified.

*Id.* at 21. Following this framework, Defendants argue why the evidence presented does not satisfy each of these factors. However, as Plaintiff noted in her brief, the list was not exhaustive and was merely meant to serve as a framework by which the jury could weigh the evidence. In their briefs, Defendants are arguing the weight they believe should be accorded to the evidence presented at trial regarding Plaintiff's reliance. However, as explained above, "the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube, Inc.*, 4 F.3d at 1166. Defendants have not presented evidence to demonstrate that "as a matter of law, the record is critically deficient of that minimum quantity of evidence" necessary to establish justifiable reliance. *See Trabal*, 269 F.3d at 249.

    Likewise, Defendants' argument regarding the credibility of Plaintiff's testimony is not relevant to a renewed motion for judgment as a matter of law. The Court cannot evaluate the credibility of witnesses; therefore, Defendants' argument regarding the jury's reliance on Plaintiff's testimony as to statements made by Gregory Witchel and Richard Cohen cannot be reviewed in a motion for judgment of law. Accordingly, Defendants' argument on this issue is without merit.

Finally, Defendants argue the Court should find, as a matter of law, that their actions were not the proximate cause of Plaintiff's loss. Rather, they assert, Plaintiff's failure "to keep the 900,000 shares in her possession or to take steps to insure that they were kept in a segregated account," and ""Plaintiff's disregard of the clear contract provisions of her improper de-legending of the stock certificates" actually caused her loss and constituted an independent intervening act. (Witchel Br. at 14-15).

Defendants presented this argument at trial. Plaintiff, on the other hand, argued that Defendants instructed her to have the restrictive legends removed from her shares of stock to allow them to be held as collateral for the loan, and she testified that she believed her shares would be held in a separate account. In charging the jury, the Court explained that Defendants "claim that Ms. Shogen's harm was caused by an independent intervening cause," and outlined the law as it relates to an independent intervening cause.

Defendants are again asking the Court to weigh the evidence and the credibility of the witnesses, which it cannot do. In short, Defendants fail to demonstrate that "as a matter of law, the record is critically deficient of that minimum quantity of evidence" necessary to establish that their actions proximately caused Plaintiff's harm. *See Trabal*, 269 F.3d at 249.

Finally, Defendants have not demonstrated that the verdict is against the weight of the evidence, and therefore, a new trial is not warranted. As Plaintiff noted in her brief in opposition, "new trials are infrequently given and generally disfavored." *Ford Motor Co. v. Summit Motor Products*, 930 F.2d 277, 301 (3d Cir. 1991). Indeed, the Third Circuit has "caution[ed] that . . . district court[s] ought only to grant a new trial on this basis where 'a miscarriage of justice would result if the verdict were to stand.'" *Fineman v. Armstrong World*

*Industries, Inc.*, 980 F.2d 171, 211 (3d Cir. 1992) (quoting *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir.1991)). The authority to grant a new trial is limited "to ensure that a district court does not substitute its 'judgment of the facts and the credibility of the witnesses for that of the jury.'" *Id.* (quoting *Lind v. Schenley Indus. Inc.*, 278 F.2d 79, 90 (3d Cir. 1960)). As discussed above, Defendants have asked the Court to substitute its judgment regarding the evidence presented and to evaluate the credibility of the witnesses, which the Court cannot do. Because Defendants have not demonstrated "a miscarriage of justice would result if the verdict were to stand," their request for a new trial must be denied.

### III. Conclusion

For the reasons set forth above, Defendants' renewed motions for judgment as a matter of law or, in the alternative, for a new trial, are denied.

                                                            s/ Stanley R. Chesler
                                                            Stanley R. Chesler,
                                                            United States District Judge

Dated: July 25, 2008